# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 22-7141

September Term, 2022

FILED ON: JUNE 23, 2023

QING LU,
> APPELLANT

v.

DISTRICT OF COLUMBIA, ET AL.,
> APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-00461)

Before: HENDERSON, WILKINS and WALKER, *Circuit Judges*

## J U D G M E N T

We considered this appeal on the record before the United States District Court for the District of Columbia and the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). After considering the issues, we have determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the district court's grant of summary judgment be affirmed.

\* \* \*

Qing Lu repeatedly alleged that her coworker, S.B., faked his wife's pregnancy to get paternity leave. Lu's employer (the D.C. Department of Consumer Regulatory Affairs), the Office of Inspector General, the Board of Ethics and Government Accountability, and the Executive Office of the Mayor all concluded Lu's allegations are false. But Lu wouldn't drop it. She repeatedly harassed S.B. about her fake-baby theory.

S.B. grew tired of Lu's harassment and lodged a workplace complaint against her. After an investigation, Lu was suspended for eight days. Lu then sued, arguing that her suspension

violated the Whistleblower Protection Act.  The district court granted summary judgment to the defendants, and Lu appealed.[*]

To prevail on a Whistleblower Protection Act claim, "an employee must demonstrate by a preponderance of the evidence (1) that he made a protected disclosure, (2) that a supervisor retaliated or took or threatened to take a prohibited personnel action against him, and (3) that his protected disclosure was a contributing factor to the retaliation or prohibited personnel action." *Baumann v. D.C.*, 795 F.3d 209, 219 (D.C. Cir. 2015) (cleaned up).  Here, the first of those three inquiries depends on "whether a reasonable juror with knowledge of the essential facts known to and readily ascertainable by the employee could find that" Lu "disclosed an objectively serious governmental act of gross mismanagement, gross misuse or waste of public funds, abuse of authority, a material violation of local or federal law, or a substantial and specific danger to public health and safety." *Coleman v. D.C.*, 794 F.3d 49, 58 (D.C. Cir. 2015) (cleaned up).

No reasonable juror could so find here.  The investigations into Lu's claims confirmed that S.B. had properly filled out paternity leave documents, which included "a doctor's note and pictures taken when a newborn was pulled out of [S.B.'s] wife's body."  JA 1743.  Lu presented no compelling evidence to rebut those documents.  She even admitted that her theory "sounds crazy."  JA 884.

Accordingly, Lu has failed to make the first of the three showings required to prevail on her whistleblower claim.  No reasonable juror could find that Lu's allegations disclosed an objectively serious governmental act of mismanagement, misuse, or waste of public funds.

For these reasons, we **AFFIRM** the district court.

\*       \*       \*

This disposition is unpublished.  *See* D.C. Cir. R. 36(d).  We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

<u>**Per Curiam**</u>

FOR THE COURT:
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk

---

[*] Lu's complaint also alleged a violation of the First Amendment, but she did not appeal the district court's decision on those grounds.

2